The Town of Fowler *v.* Linquist.

Filed Sept. 21, 1894.

———————◆———————

No. 16,598.

THE TOWN OF FOWLER *v.* LINQUIST.

HIGHWAY.—*Dedication.*—*Prima Facie Evidence of.*—*Recorded Plat.*—*Street.*—*Personal Injury.*—*Incorporated Town.*—In an action against an incorporated town for personal injuries sustained by reason of an obstruction in one of its public streets, the plat of the addition containing such part of the street, which was filed and recorded in the recorder's office for more than sixteen years prior to the accident, is *prima facie* evidence of ownership by the dedicator, and of his intention to so dedicate it.

SAME.—*Dedication.*—*Acceptance.*—Where it appears that such street was used by the public both before and ever since the dedication, and that the town authorities worked the street where such work was needed, an acceptance of the dedication is sufficiently established.

SAME.—*Street.*—*Obstruction (Post).*—*Personal Injury.*—*Contributory Negligence.*—*Frightened Team.*—Where the plaintiff's team became frightened and unmanageable and shied out of the beaten path of the road, and bringing plaintiff's wagon into collision with a post in the roadway, a few feet from the beaten path, causing plaintiff's injuries, he is not guilty of contributory negligence, even though he knew the post was in the road.

SAME.—*Obstruction.*—*Use of Street With Knowledge of Obstruction.*—A person is not legally compelled to forego the use of a public highway which is open to public use simply because of an obstruction therein.

SPECIAL FINDING.—*Failure to Find Fact Within the Issues, and the Evidence.*—*When Not Ground for Reversal.*—*Burden of Proof.*—A failure to find a fact within the issues, which is established by the evidence, is not ground for reversal of the judgment, provided the facts essential to a recovery are found; for a failure to find upon an issue in

such a case is equivalent to a finding against the party upon whom rests the burden of proof upon that issue.

DAMAGES.—*Personal Injury.—Combined Causes.—Several Liability.*— If two causes combine to produce injuries, defendant is not relieved of liability because it is responsible for only one of such causes; provided the plaintiff is free from contributory negligence.

From the Newton Circuit Court.

*W. D. Wallace* and *S. P. Baird*, for appellant.

*J. D. Brown* and *G. H. Gray*, for appellee.

HOWARD, C. J.—This was an action by the appellee against the appellant, to recover damages for personal injuries, alleged to have been caused by an obstruction in one of the streets of said town.

On the overruling of demurrers to the complaint, the appellant answered in general denial, and also by two special pleas, to the first of which, a demurrer was overruled, while to the second, a demurrer was sustained.

The issues joined were tried by a jury, and, by agreement, the jury returned into court their special verdict on all the issues in the cause. The material facts found are: That Park street, in the town of Fowler in Benton county, is a public street, which was laid out and dedicated many years ago, and accepted by said town, and which for many years past has been used and traveled, and was on the 27th day of October, 1891, used and traveled by the citizens of said town, and by the public; that in April or May, 1891, one Jacob Lucas erected a fence across said street, from the southeast corner of outlot twenty-nine to the southwest corner of outlot twenty-eight of Fowler's addition to said town, and within the corporate limits thereof; said fence consisted of four or five oak posts firmly planted to the depth of about two feet in the ground, with wire strung thereon, and securely fastened. In the center of said street, in said fence, was a gate fastened between two of said posts. In the

summer of 1891, said obstruction was entirely removed, except one post which remained standing, and of which appellant at the time had notice. This post stood about four or five feet above the ground, and about three feet west of the traveled part of said street; that appellant had due notice and full knowledge of said obstruction from May, 1891, and at all times since then, up to the 27th day of October, 1891, and thereafter; two of the trustees of the town having actual notice during all said time; but the town took no steps to remove the obstruction. The town marshal also had full knowledge of the obstruction during all said time; that on said 27th day of October, 1891, the appellee, who is a farmer and laborer living in the southeast part of said town, was traveling southward toward his home on said Park street, driving a span of mules hitched to a two horse wagon, with hay ladders thereon, at a slow rate of speed, in a careful and cautious manner, without any knowledge of the existence of said post, having been informed some four or five weeks prior thereto that said post had been taken up, and believing that it had been removed, and while so traveling upon said street his mules became frightened at some stray horses that were grazing in said street, without his fault or negligence, at or near said post. Said stray horses caused said mules to shy to one side, whereby the hay frame that was on said wagon collided with, and caught upon, said post, which produced a sudden jerk and shock of said hay ladders, throwing the appellee off the wagon and between the mules, without fault of his; that the appellee's leg was caught between the spokes of one wheel of the wagon, and was thereby twisted, wrenched, and broken without his fault; that said accident occurred at or near seven o'clock in the evening of said day, and when it was dark; that when said

mules became frightened, and before the hay ladders collided with the post, the appellee pulled on the lines and used every effort in his power to check the mules, but was unable to control them; that for several rods before the mules became frightened, the appellee was driving slowly, and that the mules were not accustomed to run away or to become frightened; that appellee was standing up on said hay ladders, driving the mules with lines, and looking forward to see any obstruction that might be on said street; that the street is about sixty feet wide at the place of said obstruction, and the surface of the ground is comparatively level; that the post was unguarded and without light or signals to warn travelers of its location; that said mules, while so frightened and beyond the control of appellee, drew the wagon out of the traveled part of the street and near to said post, causing the collision, after which the mules ran off with the wagon, leaving the appellee helpless upon the ground, with both bones of the left leg broken between the knee and ankle, where he remained until assistance arrived, and he was carried home; that he was at once attended by a competent physician and surgeon, who properly and skillfully treated him, and that all proper attention was given him; that the knee joint is partially, and the ankle wholly, stiff, and the leg crooked and two inches short, and the appellee maimed and crippled for life, and wholly incapable of performing manual labor or pursuing his usual avocations; that he has suffered and endured great pain and torture, both physically and mentally; that at the time of, and prior to, receiving said injuries, the appellee was a strong, healthy man, and was industrious; that he is fifty-one years of age, and has a wife and eight minor children who are wholly dependent upon him for support; that by reason

of said injuries, he has sustained damages in the sum of six thousand dollars.

A motion for a *venire de novo* was overruled. A motion for a new trial having been filed, the appellee filed a *remittitur* of one thousand dollars of the damages allowed by the verdict of the jury, whereupon the motion for a new trial was overruled.

The appellant then filed a motion for judgment .in its favor upon the verdict, which was also overruled.

Judgment for five thousand dollars was then rendered in favor of appellee.

After the evidence was given, and before the argument of counsel, the appellant moved the court to instruct the jury to return a verdict for the appellant, on the ground that appellant was not liable for the injuries suffered by appellee. This motion was overruled, which ruling is made one of the grounds of the motion for a new trial. The motion for a verdict in favor of the appellant is brought into the record by a special bill of exceptions.

Many assignments of error are made, but the chief reason urged why the judgment should be reversed, is that it was not shown that the place where the injury was received was a public street.

It is not questioned that in 1875, more than sixteen years before the time of the injuries complained of, Fowler's addition to the town of Fowler, including Park street and the place therein where the injuries were received, was duly platted and the plat acknowledged and recorded.

But appellant first objects that no proof, other than the plat, was introduced to show that at the time of making, filing and recording such plat, Moses Fowler was the owner of the land so platted.

This is not a controversy as to the ownership of the ground occupied by the street; no one claiming to be the

owner of the land occupied by the street is here as a party denying the dedication. In such case, strict proof of ownership is not required as in ejectment. There was, in the court below, no denial of ownership in the dedicator at the time of the dedication; and the evidence shows continued use of the street by the public ever since, except during the short time that the fence was placed across it.

As between the parties to this action, the plat of Fowler's Addition, on which "Park street" appears, and which was filed and recorded in the recorder's office for more than sixteen years prior to October 27, 1891, is *prima facie* evidence of ownership by Fowler of the land so dedicated, and of his intention to so dedicate it. 2 Greenleaf Ev., section 662; *Central Branch, etc., R. R. Co.* v. *Andrews*, 41 Kan. 370; *State* v. *Hill*, 10 Ind. 219. See, also, *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200; Elliott Roads and Streets, p. 121 *et seq*.

It is next contended that there was no acceptance of the dedication, either by the town or by the public. The jury expressly found: "That there is a public street in said town of Fowler, named and known as Park street, which was laid out and dedicated to said town many years ago, and accepted by said town, beginning at the north limits of said town, running due south through said town to the south line of said town, which street for many years past has been used and traveled, and was, on the 27th day of October last, traveled by the citizens of said town and by the public."

This finding, even omitting what may be regarded as conclusions, is, we think, sufficiently clear to show acceptance and use of the street by the town and by the public.

We have looked through the evidence, and we think that the finding is well supported by the testimony of

witnesses; from which it appears, not only that the way was used by the public long before the dedication and ever since, but also that the town authorities worked the street when such work was needed.

The jury finds that at the point of the accident, the ground was comparatively level. No work was needed there. But there was evidence of some work by the town authorities to the north of the place of the accident, and also to the south where the town marshal aided in the erection of a bridge upon the street. As to user by the public, there was evidence from which the jury might reasonably conclude that the road had been used by the public as a thoroughfare for twenty or twenty-one years. This is sufficient. Elliott Roads and Streets, p. 125 *et seq.*, and cases cited; *Summers* v. *State*, 51 Ind. 201.

It is next contended that the appellee should not recover, for the reason that he knew of the obstruction and should, therefore, have avoided it. The appellee, however, testified positively that he did not know that the post still remained in the street, as he had been informed some time before that it had been removed. Besides, it is agreed that his mules were frightened, and the evidence is undoubted that they shied off the beaten track in spite of all efforts made by appellee to control them. The post was several feet from the traveled track, and even if appellee knew it was still there, he could not be held responsible for the frightening of his team and their going out of the beaten track and upon the post when he was utterly unable to control them. We do not think that any contributory negligence is shown. *Maus* v. *City of Springfield*, 101 Mo. 613.

Counsel point out many facts as to which they contend that there is no finding in the verdict of the jury,

but as to which they say there should have been find-
ings under the issues. Even if this were true, it would
of itself be no ground for reversal of the judgment, pro-
vided the facts essential to a recovery are found; a fail-
ure to find upon an issue in such a case is to be taken as
a finding against the party upon whom rested the burden
of proof upon that issue. But, we think that, omitting
all conclusions of law from the verdict, there are suffi-
cient facts found upon which the judgment may stand.
Neither can we say, considering all the circumstances of
the case, that the damages are excessive.

Several objections are urged against the complaint,
but we think they are all without substantial merit. It
is claimed that the proximate cause of the accident was
not the obstruction in the street but the frightening of
the team by the stray horses, and that for this reason the
complaint is bad. If the town was at fault as to the ob-
struction, and the obstruction was one cause of the in-
jury, the town can not escape responsibility because some
other cause aided in bringing about the accident. See
*Board, etc.*, v. *Mutchler*, 137 Ind. 140, where a horse
driven in a buggy was frightened and backed off a
bridge, but where the board of commissioners was held
responsible for the accident for the reason that they had
neglected to place guards upon the bridge. See also *City
of Crawfordsville* v. *Smith*, 79 Ind. 308.

The court did not err in sustaining a demurrer to the
third paragraph of the answer. In that paragraph it
was averred, in effect, that appellee might have taken
another road, and so avoided the obstruction. The road
taken by appellee was the most direct to his home, and
even if it were not so, he was not obliged to choose an-
other road when this one was open to the public. *Board,
etc.*, v. *Mutchler, supra*.

We have found no error in the record for which we should be justified in reversing the judgment.

The judgment is affirmed.

Filed April 17, 1894; petition for a rehearing overruled Sept. 25, '94.