## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. SOUTHWICK.

[No. 1,879.  Filed May 26, 1896.  Rehearing denied Dec. 18, 1896.]

RAILROADS.— *Negligence.*—*Proximate Cause.*—While the conductor and a brakeman of a train were assisting others in unloading a heavy piano from a freight car, the conductor, who was within the car, stepped into a hole which had negligently been permitted to remain in the floor of the car, and thereby lost his hold on the piano the weight of which was thrown on the brakeman, by reason of which he was injured.  *Held*, in an action by the brakeman against the railroad company, that the hole in the car floor was not the proximate cause of the injury and therefore the company was not liable.

NEGLIGENCE.—*Fellow Servant.*—The negligence of a conductor of a freight train while engaged in unloading freight, causing an injury to a brakeman assisting him, is that of a fellow servant.

From the Newton Circuit Court. *Reversed.*

*E. C. Field, W. S. Kinnan, William Cummings* and *William Darroch,* for appellant.

*Simon P. Thompson,* and *Barnum, Humphrey & Barnum,* for appellee.

REINHARD, J.—The history of this case in brief is, that the appellee was appellant's brakeman on one of its freight trains, and experienced in the duties of that position.  He was injured at the station of Rensselaer, while in the line of duty and while engaged with the conductor of his train and the station agent in unloading a boxed piano from a car to the station platform. The piano weighed about eight hundred pounds.  The station platform was thirteen feet wide and in good condition, but on the morning of the accident, about ten o'clock, it was covered with a thin scale of ice. Appellant had provided proper skids for the use of its employes in unloading heavy freight.  The use of the

skids made the work of unloading heavy freight less dangerous to the men. Neither appellee, conductor, nor station agent made any effort to use the skids, but undertook to unload the piano from the car without the skids, or any other appliances to support the weight of the piano from the car door to the station platform. The conductor got into the car and pushed on the piano box, while appellee and the agent, by the conductor's orders, stood on the station platform, working the end nearest to the door back and forth, until they had the piano box about half way out of the door, standing substantially on the balance. Then a projecting nail head in the piano box caught in an iron strap over the sill of the car door, preventing its sliding out. There were in the floor of the car three holes which had been burned through, the largest of which would admit of the going through of a man's foot. Appellant had notice of these holes, but appellee had not, until just about the time of the occurrence of the accident, when he could see them from where he was. The conductor in the car, suddenly and quickly, without any warning, exerted his full strength on the inner corner of the boxed piano, and violently swung the inner end toward the east, and forced the box outward, and by such sudden movement wrenched the east outer corner from the hands of the agent, who was holding it. The conductor thereupon stepped through a hole in the bottom of the car and thereby wholly lost his hold on the piano, and the appellee, being unable to bear the weight of said piano so suddenly cast upon him, fell and was injured by the falling piano box. This condition of things is set out in three separate paragraphs of complaint, to each of which appellant filed a separate demurrer, the overruling of which is assigned in the record as error and is here urged as ground for reversal.

The facts pleaded are found to be substantially true by the special verdict of the jury. The question is raised whether they disclose a liability on the part of the appellant.

The appellee's counsel contend that the gist of the negligence charged and found is the defective floor with the holes burnt in it, and the consequent stumbling of the conductor into the hole, causing him to lose control over the piano; that this was the proximate cause of the injury, and that the other defects, viz: the loose iron band and the projecting nail, as well as the other matters incidentally mentioned as among the conditions existing at the time of the accident, were only "concurrent causes combined with the efficient and proximate cause" mentioned.

The special verdict, when stripped of mere conclusions and evidentiary facts, leaves it very difficult to determine as to just what caused the piano to fall upon appellee, but it seems to have been a combination of causes, including the projecting nail, the slippery condition of the platform which caused the appellee to fall, and the sudden pushing of the piano by the conductor so as to cause it to plunge forward on the appellee. It is difficult to ascertain from the jury's findings whether the stepping into the hole by the conductor was the cause of the falling of the piano, or whether the violent jerking of the instrument by him caused the conductor to slip and fall into the hole. On this subject the jury find, that the nail head in the sill of the car door "prevented, for a few seconds, the free and unobstructed progressive movement of the piano," when "the conductor suddenly and without notice to plaintiff jerked and pulled the inner end violently upward, and pushed the same eastward and forward, forcing the piano over the iron strap obstructing its passage, with great suddenness,

while at the same time the conductor's foot, slipping into one of the holes in the bottom of the car aforesaid, went through the bottom of the floor, causing him to fall and wholly lose his hold upon the piano box," etc. It is true the jury afterwards also give it as their opinion that "the worn and loose condition of the strap or iron in the threshold of the car door concurred with the holes in the car floor to cause the plaintiff's injuries under the circumstances stated in the verdict." It will not be claimed, we assume, that the conclusion referred to is any part of the finding of the facts in the case.

If the injury was caused by the negligence of the conductor in violently jerking the piano, there can be no liability, for that was the act of a fellow servant, clearly. This point was fully decided in the case of *Louisville, etc., R. W. Co.* v. *Isom*, 10 Ind. App. 691. In that case a gang of men were engaged in loading rails upon flat cars, the foreman of the gang having absolute power to hire and discharge men, and to whose orders all of the men owed obedience. This foreman was himself engaged with the men just as the conductor here was engaged in the performance of the service in which the plaintiff was injured. It was sought to hold the railroad company liable because the foreman was claimed to be a superior officer respecting the performance of the work, in which the plaintiff received his injury. The court quoted approvingly from Judge Lotz in *Cole Bros.* v. *Wood*, 11 Ind. App. 37, as follows: "The same individual may combine in his own person the functions of both master and servant. When such person performs a servant's duty, no matter what his rank or title may be, whether superintendent, manager, agent, foreman or boss, he is, in the performance of such duty, deemed

only a fellow servant with others employed in the same common business."

Granting, however, that the gist of the negligence relied upon consists, as appellee contends, in the defective car floor, we do not think the appellee has shown any liability on the part of the appellant. It is not sufficient to prove negligence and an injury, but, as appellee admits, the negligence charged and relied upon must be shown to have been the proximate cause of the injury complained of. Here we have a defective car; that is to say, it has a hole in its floor sufficiently large to admit a man's foot. The conductor could not help but see this hole, and how it was that he was required to stand immediately over it until forced into it by the weight of the piano, without gross negligence on his part, is difficult to understand. But if the accident was the result of the conductor's negligence it was, as we have shown, the negligence of a fellow servant, for which appellant is not liable.

But, conceding the negligence to be that of the appellant, it is clear to us that the consequence claimed from such negligence is too remote. According to the same logic, if the conductor had been carrying a loaded revolver in his pocket and by reason of the fall and stepping into the hole it had been discharged and had wounded the appellee, the company would have been responsible. The mere statement of such a proposition is enough to condemn it. The appellant may have been negligent in failing to repair the floor of the car, but, if so, it is not liable for every remote consequence of such omission. It is only the proximate and not the remote consequences of its negligence for which the appellant can be made to answer. There may be a thousand results which may in some sense be attributable to the holes in the floor of the car, but it cannot and will not be claimed with any degree of

sincerity, we assume, that for all consequences resulting in injury, the negligent party should respond in damages.

We have had occasion heretofore to consider the question of proximate cause and review the authorities which we found in the course of our examination. *Reid* v. *Evansville, etc., R. R. Co.*, 10 Ind. App. 385. It is not necessary again to enter upon an examination of the cases there reviewed. The rule stated in the case cited, that "if injury resulted from the negligent act or omission of the defendant, such act or omission will be deemed the proximate cause, unless the consequences were so unnatural and unusual that they could not, by the highest practical care, have been foreseen, and consequently provided against," is founded upon no less authority than that of our Supreme Court, and is a reasonable rule. That it applies with peculiar force to the case in hand cannot be doubted. To say that the appellant should have anticipated an accident of such a peculiar and unusual character as the one we have here to deal with, or anything akin to it, would be unwarranted.

The celebrated Squib Case, to which one of the appellee's counsel alludes, can have no application here. In that case the defendant threw the dangerous missile into a market house crowded with people. He was bound to anticipate that the squib would explode, and its burning fragments might, and probably would, be thrown upon other persons in the crowd than the one at whom it was aimed. *Scott* v. *Shepherd*, 3 Wils. 403.

Hence, assuming that the gist of the negligence charged is the defective car, and leaving out of consideration all questions as to other causes combining to produce the injury, as well as the questions of contributory negligence, assumption of risk, or whether

the injury was the result of the negligence of a fellow servant, we are unavoidably driven to the conclusion, from the appellee's own theory, that the case made by the facts found establishes no liability on the part of the appellant.

Judgment reversed, with directions to the court below to render judgment on the special verdict in favor of the appellant.

## Dissenting Opinion.

Gavin, J.—I am of opinion, upon the assumptions stated in the opinion of the majority, that the holes in the floor were the proximate and not the remote causes of the injury, and that the accident, while an unusual one, was a natural and direct result of the negligence of appellant.