THORNE *v.* INDIANAPOLIS ABATTOIR COMPANY ET AL.

[No. 18,454.   Filed Dec. 13, 1898.   Rehearing denied March 16, 1899.]

APPEAL AND ERROR.—*Bill of Exceptions.—Evidence.—New Trial.*—Where the bill of exceptions affirmatively shows that all the evidence given is not set forth therein, the Supreme Court cannot consider causes assigned for a new trial requiring a consideration of all of the evidence, although the bill of exceptions recites at the proper place "and this was all the evidence given in this cause."

From the Marion Superior Court.   *Affirmed.*

*George W. Galvin* and *William A. Reading*, for appellant.

*W. H. H. Miller* and *J. B. Elam*, for appellees.

MONKS, C. J.—Appellant brought this action against appellees, and, at the conclusion of the evidence, the court instructed the jury to return a verdict in favor of appellees, the defendants in the court below.   Appellant's motion for a new trial was overruled, and judgment rendered in favor of appellees.   The errors assigned call in question the action of the court in overruling the motion for a new trial.   The causes assigned for a new trial were "(1) that the verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in giving

152  317
152  304

152  317
156   60

instruction number one, being the one instructing the jury to find for the defendants; (4) the court erred in refusing to give instructions one, two, and three, requested by plaintiff."

Appellees insist that all the evidence is not in the record, and that, in its absence, neither cause for a new trial presents any question. The proper determination of said causes for a new trial requires a consideration of all the evidence given in the cause. The bill of exceptions, while it contains at the proper place the following, "And this was all the evidence given in this cause," affirmatively shows that all the evidence given is not set forth therein. Such being the case, we cannot consider the causes assigned for a new trial. *Noerr, Adm., v. Schmidt,* 151 Ind. 579; *Weaver* v. *Kennedy,* 142 Ind. 440, and cases cited; *Stout* v. *Turner,* 102 Ind. 418, 420; *Jennings* v. *Durham,* 101 Ind. 391; *Collins* v. *Collins,* 100 Ind. 266; *Louisville, etc., R. Co.* v. *Grantham,* 104 Ind. 353, 357, and cases cited. The judgment is therefore affirmed.