THE SOUTH BEND CHILLED PLOW COMPANY *v.* GEIDIE.

[No. 3,119.    Filed May 29, 1900.]

APPEAL AND ERROR.—*Bill of Exceptions.—Evidence.—Diagrams.—*Where, in the trial of an action for damages for personal injuries sustained by plaintiff while operating a plow polishing machine, a model polishing machine and model plow were exhibited to the jury and referred to by a number of witnesses in illustrating their testimony, and no diagrams or explanation of such models are contained in the bill of exceptions, questions depending upon the evidence cannot be reviewed on appeal. *pp. 674, 675.*

SAME.—*Evidence.—When Not in Record.—Instructions.—*Where the evidence is not in the record, it will be presumed on appeal that instructions requested and refused were refused because they were not applicable to the case made by the evidence. *p. 675.*

SAME.—*Evidence.—When Not in Record.—Instructions.—*Where the evidence is not in the record, instructions given by the court cannot be regarded as erroneous if they can be considered correct upon any state of facts admissible under the issues. *p. 675.*

From the Marshall Circuit Court.    *Affirmed.*

*A. Anderson, A. L. Brick* and *S. Parker,* for appellant. *F. J. L. Meyer* and *C. P. Drummond,* for appellee.

ROBINSON, C. J.—Appellee sued for damages for personal injuries. Trial resulted in a verdict in appellee's favor. Motion for a new trial overruled. Judgment on

the verdict. Of the errors assigned, the only one discussed by appellant's counsel is overruling appellant's motion for a new trial. The grounds for a new trial which are discussed relate to the rejection of certain offered testimony, and the giving and refusal to give certain instructions.

From the complaint it appears, among other averments, that appellee was employed by appellant as a plow polisher, and in his work used a machine consisting of a rapidly revolving wheel dusted with emery and supported by a shaft fastened and revolving in boxes supported by bolts and screws which permitted the revolving of a shaft between such boxes; over the wheel to protect the operator was a guard consisting of a flat piece of iron which was attached to the box by bolts; that the machine was out of repair in that the boxes were loose and permitted a jolting motion of the polisher when in use; that while appellee was polishing plows on this machine this jolting motion caused the guard to break off and be thrown against appellee's hand.

It is argued by appellee's counsel that it affirmatively appears from the bill of exceptions that it does not contain all the evidence, and that therefore the evidence is not in the record. All the questions argued in appellant's brief depend upon the evidence, and if the evidence is not in the record no questions are presented for decision.

In determining the questions whether appellant was negligent and whether appellee was guiltless of contributory fault it was necessary to describe the particular machine, the manner of its construction and use, and the particular manner in which appellee was using it when injured. A large number of witnesses testified upon these particular questions, and a model polishing machine and model plows, which seem to have been exhibited to the jury, were used and referred to by them constantly in illustrating their testimony. The words "indicating" and "pointing to model" are used almost constantly by the witnesses, and were understood by the jury as a part of the answers to questions. In some

instances the witness would answer exclusively by "indicating" with the models. There are no diagrams or explanations of these models in the bill of exceptions, and as the evidence comes to us much of it is absolutely meaningless. It is evident that many facts of vital importance in the case were in evidence only by the use of these models, that they were considered by the jury, and that they are in no way shown by the bill of exceptions. A reading of the record can lead to but one conclusion, and that is that all the evidence given to the jury at the trial is not contained in the bill of exceptions. Although the bill recites that "This is all the evidence given in the cause", yet it affirmatively appears that evidence was given at the trial which is not copied into the bill. The evidence is not properly in the record. *Consolidated Stone Co. v. Summit*, 152 Ind. 297; *Thorne v. Indianapolis, etc., Co.*, 152 Ind. 317.

As the evidence is not in the record we must presume that the instructions requested were refused because they were not applicable to the case made by the evidence. *Jenkins v. Wilson*, 140 Ind. 544; *Holland v. Stale*, 131 Ind. 568; *Fifth Avenue, etc., Bank v. Cooper*, 19 Ind. App. 13; *Shafer v. Stinson*, 76 Ind. 374; *Blizzard v. Bross*, 56 Ind. 74.

The instructions given by the court, in the absence of the evidence, can not be regarded as erroneous if they can be considered correct upon any state of facts admissible under the issues. *Rapp v. Kester*, 125 Ind. 79; *Hilker v. Kelley*, 130 Ind. 356, 15 L. R. A. 622; *Fifth Avenue, etc., Bank v. Cooper, supra; Joseph v. Mather*, 110 Ind. 114; *McCormick, etc., Co. v. Smith*, 21 Ind. App. 617; *Northwestern, etc., Ins. Co. v. Heimann*, 93 Ind. 24; *Byram v. Galbraith*, 75 Ind. 134; *Coal Bluff, etc., Co. v. Watts*, 6 Ind. App. 347; *Wright v. City of Crawfordsville*, 142 Ind. 636.

We have examined the instructions given by the court of which appellant complains, and find none of them substantially wrong in the abstract, nor are they in themselves

radically wrong under any state of facts that could have been proved under the issues, nor are they such as might have misled the jury and caused them to place the verdict upon an improper basis.

Judgment affirmed.