## KNOUFF v. CITY OF LOGANSPORT.

[No. 3,338.    Filed January 31, 1901.]

NEGLIGENCE.—*Proximate Cause.—Municipal Corporations.*—Plaintiff was walking along the sidewalk near the entrance to a bridge when he suddenly met a person riding a bicycle, and, in order to avoid collision, jumped to the right and fell off the embankment and was injured. *Held*, that the failure of the city to maintain guards at the abutment was a proximate cause of the injury for which the city was liable, although the unlawful act of the bicyclist in riding on the sidewalk aided in producing the accident.

From the Cass Circuit Court.    *Reversed.*

*C. E. Hale, G. A. Gamble, J. C. Nelson* and *Q. A. Myers,* for appellant.

*F. M. Kistler, S. T. McConnell* and *A. G. Jenkines,* for appellee.

ROBINSON, J.—Third street in the city of Logansport terminates at Eel River and connects with the south entrance of a bridge having a walk on each side, the stone abutment supporting the bridge is ten to fourteen feet high from the bed of the river to the surface of the street and extends twelve feet east of the east line of the bridge, the street connected with the bridge at an angle of about forty-five degrees and the west side of the paved portion of the street at its northern terminus extended eastward five or six feet beyond the east line of the bridge ending abruptly on the south bank of the river and abutment which left an open and exposed space in the street from five to six feet wide that did not lead directly into the entrance of the bridge but led to the east thereof and directly across the abutment into the river; that the city had for a long time known of this condition but had provided no guard-rail or warning. The complaint states a cause of action unless the following averment makes it defective: "That on the 4th day of July, 1899, while this plaintiff was walking along said street and

on that part used by persons on the east side thereof, going north for the purpose of crossing the river on the east sidewalk of said bridge, and just as he was about to enter the bridge, he suddenly and unexpectedly was confronted with a person riding a bicycle on the east sidewalk of the bridge, coming directly toward him at great speed from the north, and the plaintiff for the purpose of avoiding a collision and injury, jumped suddenly to his right, and because of the failure of the city to maintain guards at that part of the street where it ends at the abutment, he fell suddenly off of the end of the street at the place herein described" producing injuries described.

The complaint does not show contributory negligence, and we set out so much only of the pleading as presents the real question in controversy.

A bicycle is a vehicle and has no lawful right to the use of the sidewalk. *Mercer* v. *Corbin,* 117 Ind. 450, 3 L. R. A. 221, 10 Am. St. 76; *Holland* v. *Bartch,* 120 Ind. 46, 16 Am. St. 307; §4398 Burns 1894; *City of Indianapolis* v. *Higgins,* 141 Ind. 1.

It is argued that the bicycle rider while engaged in an unlawful act set in motion or created a condition that ultimately resulted in appellant's injury, and that the rational conclusion is that the bicycle rider was the proximate cause of the injury. Counsel for appellee cite the cases of *New York, etc., R. Co.* v. *Perriguey,* 138 Ind. 414, and *Alexander* v. *Town of New Castle,* 115 Ind. 51 as decisive.

In the briefs for appellant and for appellee is quoted the following from *Cohen* v. *Virginia,* 6 Wheat. 264, 5 L. Ed. 257: "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is in-

vestigated with care, and considered in its full extent. Other principles, which may seem to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

In *New York, etc., R. Co.* v. *Perriguey, supra,* the opinion rests upon the proposition that the engineer was furnished with two sufficient hand lamps as a substitute for the regular headlight and that it was his duty to light the headlight whether it was the regulation light or the substitute lamps; this he failed to do, and it was held that the proximate cause of the injury was the engineer's negligence in failing to light the hand lamps. It clearly appeared from the findings that the company had done its duty by furnishing proper lamps, and that the engineer failed in his duty to light them, thus clearly showing that the proximate cause of the injury was the negligence of a co-employe. "In the present case," said the court, "the defect in the lamp of the headlight was a condition; the cause of the collision was the absence of light. The absence of that light was not the defect, but was the failure of Ferris to light the hand lamps and place them in the headlight from which the presence of his engine could have been seen for the distance of five miles and the collision averted." See *Lake Shore, etc., R. Co.* v. *Wilson,* 11 Ind. App. 488.

In *Alexander* v. *Town of New Castle, supra,* an officer was conducting a prisoner to jail and as they passed an excavation in the side of the street the prisoner seized the officer "and threw him into the pit or excavation, whereby he was injured." The town was held not liable for the very good reason that the prisoner "was clearly an intervening, as well as an independent human agency in the infliction of the injuries of which the plaintiff complained." We fail to see how this case can be controlling in the case at bar. Could the definitions laid down by some text-writers be given a universal application cases of this character would not be difficult of solution. But as is well said in the

Perriguey case, "Cases may illustrate, but definitions are not sufficiently explicit for practical application."

The fact that some other cause operates with the negligence of a defendant does not relieve him from liability. The question is whether the defendant's negligence was a proximate cause of the injury. And it need not necessarily have been the immediate cause. In the case at bar it was the duty of appellee properly to guard the place in question, and its failure to do so was negligence. This negligence contributed to the injury, and it can not be said to be a remote cause for the reason that whatever it did contribute it contributed at the time and place of the injury. Another event concurred to produce appellant's injury, but this event could not have produced the injury but for appellee's negligence. Appellee's negligent breach of duty was a cause of the injury, and although there was an intervening event, yet this intervening event and the defect in the street were concurrent causes of the injury and were both present and active in the result. Clearly there were two causes combining to produce the result and the city was responsible for only one of these causes yet it can not escape liability because it was not responsible for the other. *Board, etc.,* v. *Mutchler,* 137 Ind. 140. The statement that an independent intervening event arrests causation must be held to mean that the original negligence was not present at the time and place of the injury, and did not contribute to the injury. Because, if there was contribution at the time and place, there is liability. If the city by its negligence put in motion a cause which continued to the end and without which the injury would not have occurred, although a third person may have contributed to the final result, yet the city's negligence must be held to be a proximate cause of the injury. The complaint shows that appellee was at fault as to the unguarded abutment and that this was one cause of the injury; this being true appellee can not escape responsibility because the act of the bicycle rider aided in bringing about the accident. See *Town of Fowler* v. *Linquist,* 138

Ind. 566; *City of Mt. Vernon* v. *Hoehn,* 22 Ind. App. 282; *City of Crawfordsville* v. *Smith,* 79 Ind. 308, 41 Am. Rep. 612, and cases there cited; *Billman* v. *Indianapolis, etc., R. Co.,* 76 Ind. 166, 40 Am. Rep. 230; *Burrell Tp.* v. *Uncapher,* 117 Pa. St. 353, 11 Atl. 619; *Town of Knightstown* v. *Musgrove,* 116 Ind. 121, 9 Am. St. 827; *Brookville, etc., Co.* v. *Pumphrey,* 59 Ind. 78, 26 Am. Rep. 76; *Grimes* v. *Louisville, etc., R. Co.,* 3 Ind. App. 573; *Board, etc.,* v. *Sisson,* 2 Ind. App. 311.

It is true the city in the construction and maintenance of the street and unguarded abutment was not required to provide against extraordinary conditions. Nor could it be held to anticipate that a bicycle rider would violate the law by riding on the sidewalk. But this is not the question that is decisive. The city was charged with the duty of keeping its streets in an ordinarily safe condition for travel. The pleading shows that appellant was exercising a legal right in an ordinarily prudent manner, and the question is could it reasonably be expected that injury might happen to such a person. Upon this question the court in *Ohio, etc., R. Co.* v. *Trowbridge,* 126 Ind. 391, said: "The principle underlying this doctrine is that there must be some connection between the effect and the cause—between the injury and the wrong. It is not necessary, however, that there should be a direct connection between the wrong and the injury; it is enough if it appears that but for the wrong no injury would have occurred, and that the injury was one which might have been anticipated. *Louisville, etc., R. Co.* v. *Nitsche,* 126 Ind. 229, 9 L. R. A. 750; *Milwaukee, etc., R. Co.* v. *Kellogg,* 94 U. S. 469, 24 L. Ed. 256. It is, indeed, not necessary that the precise injury which, in fact, did occur should have been foreseen; it is sufficient if it was to be reasonably expected that injury might occur to some person engaged in exercising a legal right in an ordinarily careful manner."

The demurrer to the complaint should have been overruled. Judgment reversed.