## EVANSVILLE & INDIANAPOLIS RAILROAD COMPANY v. ALLEN, ADMINISTRATOR.

[No. 5,160. Filed February 24, 1905.]

1. NEGLIGENCE.—*Proximate Cause.*—*Concurrent Causes.*—Where defendant's fault, together with some other event which is not the fault of plaintiff, concur to produce the plaintiff's injuries, the defendant is liable. p. 640.

2. SAME.—*Anticipating the Injury.*—It is not necessary that the defendant should have anticipated the precise injury which occurred. It is enough that plaintiff was injured by such negligence when in the exercise of his legal rights. p. 640.

3. TRIAL.—*Interrogatories.*—Where, in an action against a railroad company for injuries caused by the fall of plaintiff's horse upon a narrow road, and the precipitation of plaintiff over an unguarded embankment at a highway crossing, the answers to the interrogatories showed that neither the want of a proper guard-rail nor the narrowness of the road caused such horse to "choke, stumble or reel," such answers were not in irreconcilable conflict with a general verdict for plaintiff. p. 641.

4. NEGLIGENCE.—*Proximate Cause.*—*Question for Jury.*—What is the proximate cause of an injury is usually a question for the jury. p. 641.

5. RAILROADS.—*Highway Crossings.*—*Embankments.*—*Failure to Provide Guard-Rails.*—Where a railroad company constructs its road across a public highway and causes a fill in such highway, and the width of such highway at the top is but twelve feet, and the railroad

company fails and neglects to place any guards along the sides of such road, such company is liable to a person driving over such crossing for injuries caused by the stumbling and falling of his horse and such person's precipitation over such embankment caused thereby, since proper guards would have prevented such fall.    p. 641.

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Action by Josiah G. Allen as administrator of the estate of Nancy J. Allen, deceased, against the Evansville & Indianapolis Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. E. Iglehart, Edwin Taylor* and *Gardiner & Slimp,* for appellant.

*M. S. Hastings, J. G. Allen, E. E. Hastings, A. J. Padgett, J. A. Padgett* and *D. H. Padgett,* for appellee.

Comstock, C. J.—Suit brought by appellee to recover damages for the death of his decedent, caused by the alleged negligence of the appellant. The cause was put at issue, and a trial resulted in a verdict and judgment in favor of appellee for $983. With the general verdict answers to interrogatories were returned.

The errors assigned are the overruling of the demurrer to the complaint, the overruling of appellant's motion for judgment on the answer to interrogatories, and the motion for a new trial.

The complaint, omitting formal parts, charges the construction of appellant's railroad near Washington, Indiana, on the towpath of the Wabash & Erie Canal; that prior thereto the board of commissioners of Daviess county, Indiana, caused to be constructed an east and west highway crossing at a point where the railroad was built at right angles, said highway ever since being open as such; that at said point the railroad embankment was about six feet above the level of the adjoining land; that there was a ditch running parallel to the railroad, and the same was there when the railroad was built; that over this ditch a bridge was

built by the board of commissioners, the west abutment of which was thirty-six feet east of the railroad, and six feet east of the right of way of the railroad company; that when said bridge was constructed the road supervisor made a fill of earth between the bridge and railroad embankment, twelve feet wide on top; that appellant dug a pit on said highway and on its right of way at the base of said fill; that it was necessary on account of the narrow fill in said highway, to make it safe, to place barriers or guards along the sides of the fill, but that the appellant negligently and carelessly failed to erect and maintain barriers or guards; that appellee's decedent was driving with her husband in a buggy along said highway from west to east, and while passing said point the horse drawing the buggy stumbled and fell, and, because of the absence of guards and barriers, fell over the side of the fill into said excavation, whereby decedent was injured, and died as the result thereof; that the horse and buggy would not have fallen over the fill or thrown the decedent out had the top of the fill been twenty feet wide, or if there had been barriers as aforesaid. By reason of the aforesaid negligence the injury occurred.

Objection is made to the complaint: (1) Upon the ground that the cause of the injury is at variance with the theory of the complaint, and that the theory of the complaint must control. It is stated that the complaint proceeds upon the theory that the accident was caused by reason of a narrow fill in the highway making guards and barriers necessary; that appellant negligently failed to maintain such guards and barriers; but it is specifically stated that the horse hauling the buggy in which the decedent was riding stumbled and fell, and because of the negligence and carelessness in failing to maintain barriers or guard-rails along said fill, and because of the narrow roadway at the top of the fill, the injury occurred. (2) That the proximate cause of the injury was not the pit, the narrow roadway, nor the absence of barriers, but the stumbling of the horse. (3)

That appellant was not bound, in the exercise of reasonable or ordinary care, to anticipate that at that particular time and place the horse would stumble and fall, and therefore was not and is not liable for the alleged result thereof. (4) That the appellant was only bound to anticipate injurious results so far as in the light of the ordinary experience of mankind, they are to be anticipated as a probable result of fault, if it was chargeable with fault. (5) The defendant is not liable for consequences of which its act or omission was only a mere condition or remote cause. (6) That the law recognizes and looks to distinctions in actions of this character between condition and cause.. (7) It is claimed that, as shown by the complaint, the conditions were the narrow roadway and the absence of barriers, but the cause of the injury was the stumbling and falling of the horse, not a sequence of the conditions or connected therewith.

The theory of a complaint is determined by its leading allegation. *Cleveland, etc., R. Co.* v. *Dugan* (1897), 18 Ind. App. 435. The theory of the complaint so determined is stated in general terms: The appellant failed to construct and maintain the highway crossing so as not to interfere with the free use of the highway; failed to construct and maintain the highway crossing in such manner as to afford security to life and property; and failed to restore the highway crossing in a sufficient manner not unnecessarily to impair its usefulness.

"Proximate cause may be defined as that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of, and without which that result would not have occurred." 16 Am. and Eng. Ency. Law, 436. The proximate cause of the accident in the case at bar was the failure of the appellant in certain duties as alleged. If the appellant was at fault in the failure to erect guards, in the digging of the pit, or in any of the alleged derelictions, and any one of them was one of the causes of decedent's death, appellant

can not escape because some other cause aided in bringing about the accident. *Town of Fowler* v. *Linquist* (1894), 138 Ind. 566.

1. "Negligence may, however, be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time." Shearman & Redfield, Negligence (3d ed.), §10; *City of Mt. Vernon* v. *Hoehn* (1899), 22 Ind. App. 282; *Board, etc.,* v. *Mutchler* (1894), 137 Ind. 140; *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308.

2. It is, indeed, not necessary that the precise injury which in fact did occur should have been foreseen; it is sufficient if it was to be reasonably expected that injury might occur to similar persons engaged in exercising a legal right in an ordinarily careful manner. *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391, 395; *Grimes* v. *Louisville, etc., R. Co.* (1892), 3 Ind. App. 573; *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 84 Am. St. 292. The complaint shows that appellant was at fault as to the unguarded, narrow way. This was one cause of the injury, and appellant can not escape because the stumbling of the horse aided in bringing about the unfortunate accident. *Knouff* v. *City of Logansport, supra.* It is not unusual for ordinarily gentle horses to shy and back for slight cause, and especially when driven over bridges or railroad crossings, or approaching fills to bridges, without fault on the part of the driver. This is a fact to be taken into account in determining whether a bridge in a given cause should be supplied with a railing. *Board, etc.,* v. *Sisson* (1891), 2 Ind. App. 311; *Grimes* v. *Louisville, etc., R. Co., supra.*

3.   It is contended that the answers to interrogatories are in irreconcilable conflict with the general verdict, and that therefore appellant's motion for judgment thereon should have been sustained.   In support of the claim it is pointed out that number one discloses the fact that the horse choked, stumbled and reeled on the top of the highway embankment immediately before it fell over the embankment; that the absence of guard-rails did not cause it to choke, stumble or reel; that the fact that the embankment was only twelve feet wide did not cause it to choke, stumble and fall.   We can not admit that there exists an irreconcilable conflict between the facts specially found and the general verdict.   There was more than one cause which produced the result.   Appellant was responsible for one—its negligence at the time and place of the accident.   The causes were concurrent, and both present and active in the result.   The negligence of the appellant can not, therefore, be said to be the remote cause of the accident.

4.   The question as to what is the natural or proximate cause of an injury, or what is the probable or immediate consequences of a given act, has been generally held one of fact for the determination of the jury, and in this instance the jury have passed upon the question against the appellant.

5.   Appellant argues that it was not bound to maintain that portion of the public highway, and that therefore instructions four and five were misleading and not applicable. "Instruction 4.   When the construction of a railroad across a public highway causes a fill in the highway so as to make it dangerous for travelers unless protected, it is the duty of the railroad company to erect proper guards or barriers to prevent travelers from falling off the embankment.   Barriers in such case are a reasonable part of the necessary restoration of the highway to a safe condition for travel, and the law makes it the duty of such companies to use reasonable care and skill to make it as safe as it was before dis-

turbed by the railroad company. Instruction 5. So, in this case, if you find that the defendant company constructed its railroad across the highway named in the complaint, and that such construction caused or made it necessary to construct a fill or embankment along the highway over defendant's right of way to enable the public to cross such railway, and that such embankment was constructed for such purpose, and that as constructed it is dangerous for travelers using ordinary care, then the defendant would be required to erect guards or barriers to prevent persons from falling off of such embankment, and you further find that it has not done so, then it would be guilty of negligence." There was no error in giving these instructions. Under §5153 Burns 1901, §3903 R. S. 1881, and independent of the statute, it was the duty of the appellant to construct and maintain the crossing of the highway in good condition for public travel. Guards are a reasonable part of the necessary restoration of a highway to a safe condition. The failure to maintain them was actionable negligence in respect to the decedent, who sustained injury without her fault. *Lake Shore, etc., R. Co.* v. *McIntosh* (1895), 140 Ind. 261; *Seybold* v. *Terre Haute, etc., R. Co.* (1897), 18 Ind. App. 367; *Terre Haute, etc., R. Co.* v. *Clem,* 123 Ind. 15, 7 L. R. A. 588, 18 Am. St. 303; *Evansville, etc., R. Co.* v. *Crist* (1889), 116 Ind. 446, 2 L. R. A. 450, 9 Am. St. 865; *Baltimore, etc., R. Co.* v. *State, ex rel.* (1895), 81 Md. 371, 32 Atl. 201. It was the duty of the appellant to restore the whole width of the highway so as not to interfere with the free use of the same. *Lake Shore, etc., R. Co.* v. *McIntosh, supra.*

It is also claimed that the court committed reversible error in refusing to give the peremptory instruction number one, directing the jury to return a verdict for appellant. The claim is founded upon appellant's theory of the complaint, of which we have already spoken. The claim can not be allowed. The defect in appellant's argument in support

of the motion for a new trial, and the separate reasons set out therefor, is in the premise that the accident to and resulting death of decedent was due solely to the stumbling and falling of the horse. Upon this proposition we deem it unnecessary to say more. The authorities cited by appellant are not in conflict with those referred to in this opinion. It was the duty of the appellant so to construct said crossing as not to interfere with the free use of the highway; to maintain the crossing in question in a reasonably safe condition for travel. Guards were necessary to prevent the decedent from falling off the embankment. Appellant's duty was not limited to putting a narrow strip of the highway in order. *State* v. *Berdetta* (1880), 73 Ind. 185, 38 Am. St. 117; *Indiana, etc., Gas Co.* v. *McMath* (1900), 26 Ind. App. 154; 2 Shearman & Redfield, Negligence (5th ed.), §415; *Lake Shore, etc., R. Co.* v. *McIntosh, supra.*

We find no error. Judgment affirmed.