### BALTIMORE AND OHIO RAILROAD COMPANY *v.* RANIER, ETC.

[No. 12,336. Filed November 5, 1925. Rehearing denied January 28, 1926. Transfer denied May 12, 1926.]

1. PLEADING.—*A demurrer to a "complaint" filed after amendment of complaint will be deemed addressed to the amended complaint.*—The filing of an amended pleading takes the original pleading out of the record the same as if it had never been filed, and a demurrer to a "complaint" filed after amendment of complaint will be considered as addressed to the amended complaint. p. 546.

2. NEGLIGENCE.—*Intervening agency, in relation to proximate cause discussed.*—The rule for determining when an intervening agency is the proximate cause of a negligent injury, and when the original negligence is the proximate cause, discussed. p. 547.

3. MASTER AND SERVANT.—*Not necessary that employer should anticipate injury to minor employee in the exact manner in which it occurred to render him liable for such injury.*—Where a railroad company left an uncorked and unlabeled jug containing sulphuric acid on a platform near its shops where plaintiff and other minor employees were accustomed to congregate and eat their lunch, and, with knowledge that said minor employees, during the noon hour, indulged in "horse play," permitted said jug and its contents to remain on said platform, and failed to warn said minor employees of the danger of handling said jug, it was not necessary, in order to render said company liable for an injury to one of said employees by said acid being thrown upon him in the course of said "horse play," that it should have anticipated that injury might happen to some person in the exact manner in which it occurred, since one in possession or control of a dangerous agency must use care commensurate with the known danger, especially in reference to immature persons. p. 547.

4. NEGLIGENCE.—*"Proximate cause" defined.*—The proximate cause of an injury is the active, operative and continuing cause which produces the injury; where it can be said that there are two causes of an injury, the proximate cause is the one that necessarily sets the other in motion. p. 548.

5. APPEAL.—*Sufficiency of evidence to sustain the verdict is not presented where it is not shown by bill of exceptions or judge's certificate thereto that bill contains all the evidence.*—No question is presented on appeal as to the sufficiency of the evidence to sustain the verdict where neither the bill of exceptions nor the judge's certificate thereto contains a statement that the bill contains all the evidence, and the defect cannot be remedied by a statement in the court reporter's certificate attached to his transcript of the evidence that it contains all the evidence, as such certificate is no part of the bill of exceptions. p. 548.

6. APPEAL.—*Presumption in absence of evidence.*—In the absence of the evidence from the record, an appellate tribunal will presume that instructions were refused because they were not applicable to the evidence. p. 549.

7. APPEAL.—*Necessity of evidence to present error on instructions given.*—In the absence of the evidence from the record, no error can be predicated on the action of the court in giving instructions if they would have been correct under any evidence admissible under the issues. p. 550.

8. APPEAL.—*Instruction as to negligence held defective, but was not reversible error in view of another instruction.*—In an action for personal injuries charged to have resulted from defendant's negligence in regard to a jug of sulphuric acid, an instruction that if defendant was negligent in permitting a jug of such acid to be placed in such an exposed situation as to make it probable that some injury would result to some person, then the law would impose a liability on the defendant for all the injurious consequences which might directly flow therefrom, unless an independent agency intervened, was defective in not stating that the injury complained of must have been one that might reasonably have been foreseen or anticipated by a person of ordinary prudence and have been the natural and probable consequence of the first negligent act, but was not reversible error in view of another instruction given. p. 550.

9. APPEAL.—*Correctness of instructions not presented where appellant has failed to point out objections thereto.*—No question as to the correctness of instructions is presented on appeal where appellant has failed to point out any objection to them other than to say that they do not state the law correctly, no attempt being made to state the law as appellant thinks it is or should be or to cite authorities holding them incorrect. p. 551.

From Steuben Circuit Court; *William P. Endicott,*
Judge.

Action by James N. Ranier, by his next friend,
against the Baltimore and Ohio Railroad Company.
From a judgment for plaintiff, the defendant appeals.
*Affirmed.* By the court in banc.

*H. W. Mountz, C. C. Carlin* and *Charles D. Clark,* for
appellant.

*Alphonso C. Wood, Finley A. Nash* and *Link & Mc-
Clintock,* for appellee.

McMahan, J.—Complaint by appellee against appel-
lant for personal injuries. From a judgment in favor
of appellee, appellant appeals and assigns as error the
action of the court in overruling its demurrer to the
amended complaint, and in overruling its motion for a
new trial.

Appellee, in his amended complaint, among other
things, alleged that on July 22, 1922, appellant employed
in its shops and yards at Garrett, Indiana, a large num-
ber of boys from fourteen to eighteen years of age, that
it then had in its employ appellee, a boy then sixteen
years of age, that said boys, including appellee, were
employed as common laborers, that a number of them,
with the knowledge and consent of appellant, took their
dinners with them and ate the same at convenient places
in appellant's shops and buildings, and remained on ap-
pellant's premises during the noon hour until time to
go to work. That, on said day, appellee and James
Williams, a boy of sixteen years of age, and Gerald
Hart, then sixteen years of age, together with other
minors, were employed in the yards and shops as com-
mon laborers and at noon ate their lunches in the tool
shop adjoining a carpenter shop on appellant's prem-
ises. That along one side of the carpenter shop, there
was a railroad track belonging to appellant and a load-

ing or freight platform in front of said carpenter shop and adjacent to the railroad track, used for the purpose of loading and unloading material, equipment, and supplies by appellant. That during said noon hour, after appellee and his companions had eaten their dinner, it began to rain, and appellee took refuge in an unloaded freight car on the track next to said freight platform, and sat in the doorway thereof, with his back to the platform, and that said Williams and Hart were in and about said freight car and platform. That appellant had negligently placed upon this platform, a day or more prior thereto, a common stone jug, resembling an ordinary water jug, of one-gallon capacity, containing sulphuric acid, a deadly and dangerous liquid liable to inflict great injury and loss of life when brought into contact with a human being, and carelessly failed to place a cork in the jug or to label it or mark it so as to make known its contents, and negligently failed to guard and protect it from coming in contact with any person who might lawfully be on or about the platform, and negligently failed to warn appellee or any of the other persons working about such platform of the contents of the jug, and the dangerous liquid therein. That appellant knew appellee and his associates were minors and had insufficient discretion to know or comprehend the danger attached to the use or handling of sulphuric acid and had known for a long time prior thereto that said minors were employed about said platform and vicinity, and were accustomed to congregate on this platform and to eat their lunches thereon and in the carpenter shop during the noon hour and knew that if the jug and its contents were handled by appellee or his coemployees, it would result in serious injuries to them, and, with knowledge of these facts, permitted such poisonous and corrosive liquid to remain

upon the platform for a long period of time prior to said day exposed to interference by any person who might be on or about said platform. That during the noon hour of said day, while appellee was sitting in said car, Williams and Hart engaged in play and, without any knowledge on their part of the contents of the jug or that there was any danger connected with the handling of it, Williams, believing the jug to be a common jug containing water, picked it up and undertook to and did squirt and propel the liquid therein out of the jug toward Hart. That a large quantity of such liquid was forcibly propelled from the jug and missed Hart and struck appellee on the back of the head, neck and body, saturated his clothing and came in contact with his skin and seriously injured him, said injuries being specifically and fully described.

Appellant contends that it affirmatively appears from the amended complaint that the injury complained of was caused by the intervention of an independent agency for which appellant was not responsible and but for it the injury complained of would not have occurred, and that it does not appear that the alleged negligence of appellant was the proximate cause of appellee's injury.

Appellee insists that no question is presented concerning the sufficiency of the complaint for the reason that the record does not disclose that a demurrer was filed to the amended complaint. The contention of appellee is based upon the fact that the demurrer was addressed to the complaint and not to the amended complaint. The contention of appellee cannot be sustained. The filing of the amended complaint took the original complaint out of the record the same as if it had never been filed. *Gowen* v. *Gilson* (1895), 142 Ind. 328, 41 N. E. 594; *Insurance Co.* v. *Coombs* (1898), 19 Ind. App. 331, 49 N. E. 471. And a de-

murrer to the "complaint" filed after the filing of an amended complaint will be considered as addressed to the amended complaint then on file. *Town of Whiting* v. *Doob* (1899), 152 Ind. 157, 52 N. E. 759; *Chicago, etc., R. Co.* v. *Stepp* (1909), 44 Ind. App. 353, 88 N. E. 343.

We had occasion to review many of the authorities on proximate cause and intervening agency in *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594,
2. 126 N. E. 330, where it was held that where there is an intervening responsible agency which directly produces an injury, the question whether the original negligence is to be regarded as the proximate cause, or only as a condition, or remote cause, is to be determined by ascertaining whether the intervening agency was of such a character, and the circumstances under which the injury occurred were such, that it might have been reasonably expected that such an agency, or a similar one, would intervene in such a way as to be likely to produce an injury similar to the one actually caused, and if, under the circumstances, the intervention of such an agency and the manner of its occurrence might reasonably have been expected in the usual course of events and according to common experience, then the chain of causation from the original cause is not broken, and the original act will be treated as a proximate cause.

One who has in his possession or under his control a dangerous agency must use care commensurate with the known danger and especially the danger with
3. reference to immature persons who are likely to come in contact therewith. In order to render appellant liable in the instant case, it is not necessary that it should have reasonably anticipated that an injury might have happened to some person in the exact manner in which appellee was injured. For other cases

discussing the question of proximate cause, see *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *Board, etc.,* v. *Mutchler* (1894), 137 Ind. 140, 36 N. E. 534; *Town of Fowler* v. *Linquist* (1894), 138 Ind. 566, 37 N. E. 133; *Binford* v. *Johnston* (1882), 82 Ind. 426, 42 Am. Rep. 508; *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 59 N. E. 347, 84 Am. St. 292; *Henry* v. *Dennis* (1884), 93 Ind. 452, 47 Am. Rep. 378; *Cook* v. *Ormsby* (1909), 45 Ind. App. 352, 89 N. E. 525.

When it can be said there are two causes of an injury the proximate cause is the one that necessarily sets the other in motion. In determining the proximate

4. cause of an injury, the inquiry should be directed to the responsible cause, and that cause will be held proximate which is shown to be active, operative and continuing, and the probable and natural source of the injury. *Pittsburgh, etc., R. Co.* v. *Cozatt* (1906), 39 Ind. App. 682, 79 N. E. 534. We think it clear that the amended complaint states a cause of action and that there was no error in overruling the demurrer thereto.

Appellant next contends that the court erred in overruling its motion for a new trial on the grounds that the verdict is not sustained by sufficient evidence,

5. and in giving certain instructions. Appellee contends that no question is presented relative to the overruling of the motion for a new trial for the reason that neither the evidence nor the instructions are in the record. Appellee calls attention to the fact that there is no statement in the bill of exceptions, or in the certificate of the judge attached thereto, that the bill of exceptions contains all the evidence given in the cause. It has been repeatedly held by both the Supreme Court and this court that the failure of the judge to certify that the bill of exceptions contains all the evidence precludes the court on appeal from considering any ques-

tion the correctness of which depends upon a consideration of all the evidence in the case. See *Mc-Murran* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238; *Great Council, etc., Red Men* v. *Green* (1913), 52 Ind. App. 198, 100 N. E. 472. The statement of the reporter in his certificate attached to his transcript of the evidence to the effect that his transcript contains all the evidence given in the cause is not sufficient, as such certificate is no part of the bill of exceptions. *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47. We, therefore, hold that no question is presented for our consideration as to the sufficiency of the evidence to sustain the verdict. And no attempt has been made to present by reserved questions of law the correctness of the action of the court in giving or refusing to give the instructions of which complaint is made.

Appellee insists that neither the instructions given nor those tendered and refused are in the record, and, by cross-assignment of error, challenges the action of the court in entering an order at a term subsequent to the term when the cause was finally disposed of showing that the instructions were filed by the clerk. The question presented by appellee is not of easy solution, but, in view of the conclusion we have reached, we do not deem it necessary to decide them. Assuming that the instructions given and those refused are in the record, we are of the opinion that no reversible error is shown in the action of the court in giving or refusing to give any of them.

In the absence of the evidence, we must presume the instructions requested were refused because they were not applicable to the cause made by the 6. evidence. *South Bend, etc., Plow Co.* v. *Geidie* (1900), 24 Ind. App. 673, 57 N. E. 562; *Stout* v. *Turner* (1885), 102 Ind. 418, 26 N. E. 85; *Dean* v. *State* (1897), 147 Ind. 215, 46 N. E. 528.

If the instructions given of which complaint is made were correct under any evidence that might have been introduced under the issues, no error can be predicated on the action of the court in giving them. *Byram* v. *Galbraith* (1881), 75 Ind. 134; *Northwestern Mut. Life Ins. Co.* v. *Heimann* (1884), 93 Ind. 24; *South Bend, etc., Plow Co.* v. *Geidie, supra.*

The first instruction of which complaint is made is No. 4, given at the request of appellee. This instruction reads as follows: "If you find from the evidence the defendant was negligent in permitting a jug of sulphuric acid to be placed in such an exposed situation as to render probable that some injury would result to some person, then the law would impose liability upon this defendant for all the injurious consequences which might directly flow therefrom, whatever they are and regardless of whether they might reasonably have been foreseen or not, unless the causation is broken by the intervening of some independent agency, and an intervening agency does not break the causation where such intervention might be expected to occur in some way." Appellant contends that the giving of this instruction was error because it ignores the rule that a person is liable only for such results as reasonably might be anticipated. The instruction is subject to criticism and should have been modified. The correct rule in cases of this kind is that in order to hold a person liable for remote negligence, the injury complained of must be one that, under the circumstances, might have been reasonably foreseen or anticipated by a person of ordinary prudence, to follow from, or be the natural and probable consequence of, the first negligent or wrongful act. But it is not necessary that the exact injury be anticipated or that it be brought about in the exact manner in which it occurred. *Reid* v. *Evansville, etc., R. Co.* (1893), 10 Ind. App. 385, 35 N.

E. 703, 53 Am. St. 391; *Louisville, etc., R. Co.* v. *Southwick* (1896), 16 Ind. App. 486, 44 N. E. 263; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Sarber* v. *City of Indianapolis, supra; Milwaukee, etc., R. Co.* v. *Kellogg* (1876), 94 U. S. 469, 24 L. Ed. 256. The court, however, in instruction No. 18, given at the request of appellant, charged the jury that: "To entitle the plaintiff to recover, he must prove by a fair preponderance of the evidence that the defendant was negligent and that the injuries he sustained were the natural and probable consequences of such negligence, and that his injury was such a result as might reasonably have been foreseen in the light of the attending circumstances." If it be conceded that said instruction No. 4 did not state the law correctly and that instruction No. 18 given at the request of appellant did not cure the defect, it would not necessarily lead to a reversal. Suppose the evidence without conflict had shown that for days or months there were a number of other jugs on the platform and in that immediate vicinity similar to the one which contained the acid, that the employees of appellant, including appellee and the boys working with him, had been in the habit of using them as water jugs, drinking and squirting water therefrom upon one another, and that appellant knew such facts, the giving of such instruction, though not technically correct, would not have been reversible error in view of other instructions given.

We have carefully examined each of the instructions given of which complaint is made and find no reversible error in any of them. Appellant has failed

9. to point out any objection to some of the instructions, other than to say they do not state the law correctly, no attempt being made to state the law as appellant thinks it is or should be, and without

citing any authority in support of its contentions. As to such instructions, no question is presented. The simple statement that an instruction is not correct is not sufficient to present the question as to whether the giving of such instruction is reversible error.

Judgment affirmed.