### Indiana Clay Company *v.* Baltimore & Ohio Southwestern Railroad Company.

[No. 4,433.   Filed May 26, 1903.]

Railroads. —*Fires from Locomotives.* —*Contributory Negligence.* —*Instructions.*—An instruction in an action for damages to plaintiff's buildings, caused by fire escaping from defendant's locomotive, that the jury, in determining whether or not plaintiff was guilty of contributory negligence, might consider, along with the other circumstances of the case, the character and age of the shingles on the roofs of the buildings and their inflammable character, and also whether or not plaintiff maintained any water appliances at its plant at the time of the fire, was erroneous; since a person has the right to construct a building on any part of his property and enjoy the same without reference to the proximity of a railroad, and he is not required to keep his property in such condition as to guard against the negligence of the railroad company.  *pp. 260, 261.*

Same.—*Fires from Locomotives.*—*Duty of Owner of Property.*—An instruction in an action for damages caused by fire escaping from defendant's locomotive to plaintiff's buildings that if plaintiff or any of its officers or servants had knowledge of the fire it was its duty to extinguish it as speedily as possible was erroneous, as the law requires only reasonable efforts, under the circumstances proved, to prevent loss.  *p. 262.*

Negligence.—*Proof of One of Several Acts of Negligence Charged.*— *Instructions.*—*Railroads.*—*Fires.*—Where in an action for damages for fire escaping from a locomotive the complaint charged that the fire was caused by a live coal or spark negligently emitted from the locomotive, that the spark-arrester was defective and that the engineer was operating the engine in a negligent manner, an instruction that plaintiff in order to recover must prove all of the acts of negligence charged was erroneous, as proof of either act of negligence shown to be the proximate cause of the injury was sufficient.  *pp. 262, 263.*

Indiana Clay Co. *v.* Baltimore, etc., R. Co.

APPEAL AND ERROR.—*Evidence.*—*Objects Used in Illustration Not in Record.*—The failure to make drawings of objects used as mere reference in a trial, for the purpose of illustration, a part of the record on appeal is not a sufficient reason for disregarding the entire evidence, when a vital issue in the case can be determined without the inspection of the object to which reference has been made. *pp. 264, 265.*

From Knox Circuit Court; *O. H. Cobb,* Judge.

Action by the Indiana Clay Company against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Hiram McCormick, F. Givin, C. B. Rogers, J. T. Rogers, A. J. Padgett, J. A. Padgett, W. A. Cullop* and *G. W. Shaw,* for appellant.

*W. R. Gardiner, C. G. Gardiner, T. D. Slimp* and *E. Barton,* for appellee.

COMSTOCK, P. J.—Appellant was plaintiff below. The complaint, in substance, alleges that the appellant was the owner of certain real estate in the town of Shoals, Indiana, adjacent to the railroad of the appellee; that buildings had been erected thereon; that they were supplied with tools, machinery, and appliances for the manufacture of stoneware, brick, and tile, and constituted what is called a pottery plant. In June, 1900, they were all consumed by fire. It is alleged that the fire was caused by sparks and coals of fire from a passing locomotive of the railroad company.

The negligence charged is that the locomotive was not equipped with a proper spark-arrester; that the spark-arrester and screen on the locomotive had become worn and burned full of large holes, through which sparks and live coals of fire were negligently permitted to escape, and thence to be carried by the wind and air to the buildings of plaintiff, and set them on fire. The action was brought in the circuit court of Martin county. The venue was changed to the circuit court of Knox county after the issues were closed by a general denial. A trial resulted in a verdict and judgment in favor of appellee.

The reasons for a new trial question the sufficiency of the evidence, the legality of the verdict, and the action of the court in giving and refusing to give certain instructions. For reasons that appear, we consider only the last reason above stated. Appellee has filed no cross-error, but in its brief questions the sufficiency of the complaint. The complaint is at least sufficient to bar another action for the same cause.

Instruction ten, given at the request of appellee, as modified, is as follows: "In determining the question as to whether or not the plaintiff was guilty of contributory negligence in the matter of the firing of its pottery plant, the jury may consider, among all of the other circumstances of the case, whether or not it had in the smoke-stack of the pottery plant, or in some other proper place, any spark-arrester. The jury may also consider, along with the other circumstances of the case, the character and age of the shingles on the roof of the building which it is claimed was first fired, and the kind of wood of which they were made, and the manner in which they were on the roof, and their inflammable character, and also whether or not the plaintiff clay company was in the habit of maintaining or did maintain any water appliances at its pottery plant at the time of the alleged fire." This was error. Contributory negligence can not be predicated upon such facts. A party has the right to construct buildings on any part of his property, and enjoy the same, without reference to the proximity of a railroad. Such use of his property can not be declared contributory negligence in an action against the railroad company for negligently setting fire to the buildings. He is not required to keep his property in such condition as to guard against the negligence of the company. He may proceed upon the theory that the railroad company will not injure him by its negligence. He is not required to anticipate and take precautions against the negligence of third persons. *Pittsburgh, etc., R. Co.* v. *Indiana Horse-*

*shoe Co.*, 154 Ind. 322, and cases cited; Thompson, Negligence (2d ed.), §2327; *Philadelphia, etc., R. Co.* v. *Hendrickson,* 80 Pa. St. 182, 21 Am. Rep. 97; *Cook* v. *Champlain Transp. Co.*, 1 Denio 91; *Kalbfleisch* v. *Long Island R. Co.*, 102 N. Y. 520, 7 N. E. 557, 55 Am. Rep. 832; *Burke* v. *Louisville, etc., R. Co.*, 7 Heisk. (Tenn.) 451, 19 Am. Rep. 618; *Cincinnati, etc., R. Co.* v. *Barker,* 94 Ky. 71, 21 S. W. 347; *Kellogg* v. *Chicago, etc., R. Co.*, 26 Wis. 223, 7 Am. Rep. 69; *Salmon* v. *Delaware, etc., R. Co.*, 9 Vroom 5, 20 Am. Rep. 356; *Delaware, etc., R. Co.* v. *Salmon,* 10 Vroom 299, 23 Am. Rep. 214; *Richmond, etc., R. Co.* v. *Medley,* 75 Va. 499, 40 Am. Rep. 734; *Snyder* v. *Pittsburgh, etc., R. Co.*, 11 W. Va. 14, 18 Am. Rep. 154; *Boston Excelsior Co.* v. *Bangor, etc., R. Co.*, 93 Me. 52, 44 Atl. 138, 47 L. R. A. 82; *Ross* v. *Boston, etc., R. Co.*, 6 Allen 87; *Flynn* v. *San Francisco, etc., R. Co.*, 40 Cal. 14, 6 Am. Rep. 595; *Vaughan* v. *Taff Vale R. Co.*, 3 H. & N. 743, 750; Shearman & Redfield, Negligence (5th ed.), §680; 8 Am. & Eng. Ency. Law, 16; *Chicago, etc., R. Co.* v. *Smith,* 6 Ind. App. 262; *Chicago, etc., R. Co.* v. *Kern,* 9 Ind. App. 505; *Louisville, etc., R. Co.* v. *Richardson,* 66 Ind. 43, 32 Am. Rep. 94; *Pittsburgh, etc., R. Co.* v. *Jones,* 86 Ind. 496, 44 Am. Rep. 334; *Chicago, etc., R. Co.* v. *Burger,* 124 Ind. 275.

Instruction four requested by appellant and refused is as follows: "While the owner of property in danger of loss is charged with the duty of saving it from destruction if he can do so with the exercise of reasonable care and precaution, yet he is not bound to use unusual care and caution in anticipation that it may be negligently destroyed by another; so that if in this case the plaintiff's property was negligently set on fire by sparks from one of the locomotives of the defendant, while it was the duty of appellant to save it from destruction, if it could do so by the exercise of reasonable care and caution, yet it was not bound to use the care and precaution of providing water-works

and appliances as means of extinguishing the fire, and its failure to do so would not constitute contributory negligence." It should have been given. See authorities last above cited.

In instruction six, requested and refused, appellant asked a charge concerning the origin of the fire, to the effect that it might be proved by circumstances, and that if the circumstances disclosed by the evidence were such as to justify the inference that the fire which caused the injury was emitted from the locomotive of the appellee, then the jury would be authorized to find from such circumstances that the locomotive was the origin of the fire; that whether it was or was not was a fact for the jury to determine from the evidence of the case. The court modified the instruction by inserting the word "negligently" before the word "emitted." This was error. It made proof of the origin of the fire to depend entirely upon the question of negligence in its emission from the locomotive. *Garfield* v. *State,* 74 Ind. 60; *Davis* v. *Hardy,* 76 Ind. 272; *Unruh* v. *State, ex rel.,* 105 Ind. 117. In instruction fifteen, given by the court of its own motion, the court charged the jury that if the appellant, or any of its officers, agents, or servants, had knowledge of the fire, it was its duty to extinguish it as speedily as possible. The law requires only reasonable efforts, under the circumstances proved, to prevent loss. *Wabash R. Co.* v. *Miller,* 18 Ind. App. 549; *Louisville, etc., R. Co.* v. *Porter,* 16 Ind. App. 266; 1 Thompson, Negligence (2d ed.), 169.

In instruction number one, given at the request of the appellee, as modified, the jury were told that in order for the appellant to recover, it had to prove by a preponderance of the evidence four propositions, and that if it had failed to prove "either one of these four propositions" it could not recover, and their verdict should be for the appellee. The first proposition was that the property destroyed was first fired by a live coal or spark that had been negligent-

ly emitted from the smoke-stack of one of the appellee's loco-motive engines. The second was that the spark-arrester in the engine was defective, worn out, or had a hole or holes in it, and had been negligently allowed to be in that con-dition. The third was that the engineer, at the time of the fire, was operating the engine and spark-arrester in a negligent manner. The fourth was that the appellant was not guilty of negligence in contributing to the fire.

In instruction number seven, given at the request of the appellee, as modified, the jury were told that in order for the appellant to recover it must show by a preponderance of the evidence "the contrary of each" of certain propo-sitions set out "regarding the duty of the defendant," fail-ing in which their verdict should be for the defendant. These propositions regarding the duty of the defendant "the contrary of each" of which the appellant was required to prove, were as follows: (1) To have its engine equipped with a spark-arrester of modern design, and such as is ordinarily and generally used by well managed railroad companies in the class of engines to which it belonged; (2) that the spark-arrester was as good in kind as any known; (3) that it was properly constructed and adjusted in th engine, in accordance with its design, so that it would per-form its functions; (4) that it was in good repair; (5) that it was being operated by a skilled engineer. Proof of every averment in the complaint is not always neces-sary. This is true in the case before us. Proof of either act of negligence charged, if it was the proximate cause of the injury, was sufficient.

Instruction thirteen, given by the court of its motion, told the jury that the plaintiff was not absolutely bound to remove any old shingles or other combustible material; in number five, given at the request of appellant, as mod-ified, the jury were told that plaintiff was not guilty of negligence if its buildings were covered with dry shingles; in number three, given at the request of the appellant, as

modified, that it was not guilty of negligence in "not covering the building with non-combustible material; in number ten, given at the request of appellee, as modified, that the right to consider the age and character of the shingles on the roof,   *   *   *   the kind of wood of which they were made,   *   *   *   and their inflammable character," in determining whether appellant was guilty of negligence in the matter of the firing of its building. We think that these instructions tended to mislead the jury.

Appellee argues that the evidence should not be considered because it affirmatively appears that the record does not contain all that was given at the trial. Further, that the instructions complained of, "even if erroneous, are not fatally inapplicable to facts in respect to which evidence might have been given under the issues." The argument is based solely upon the proposition that the screen taken from the locomotive in use at the time of the fire, and a model locomotive used by the witness Kellogg, were exhibits to the jury, and referred to by witnesses in their testimony, and that no drawings of them are in the record. The screen and the model were described by the witnesses. They were used for collateral purposes. They had no connection whatever with the question of the contributory negligence of appellant. Mere reference to objects for the purpose of illustration is not a sufficient reason for disregarding the entire evidence, when a vital issue in the case can not depend upon the inspection of the object to which reference has been made. The evidence of the screen and model, and oral testimony in connection with them, could not affect the question of the contributory negligence of the appellant in the firing of its property. We do not discuss the authorities cited by appellee in this connection (*Thorne* v. *Indianapolis Abattoir Co.*, 152 Ind. 317; *South Bend, etc., Co.* v. *Geidie*, 24 Ind. App. 673) for the reason that whether the question (as said in *Johnson* v. *Wiley*, 74 Ind. 233) can be considered and determined

in the absence of a part of the evidence must depend upon the record in the particular case. The rule that all the evidence given in a case must appear in the record is not universal. There are cases where it would be useless to set out all the evidence. If the record is in such condition as fully and fairly to show that an error has been committed, then the question may be determined to be properly presented, although some parts of the evidence be omitted from the record, provided it also affirmatively appears that the omitted evidence does not directly bear upon or affect the ruling complained of. *Johnson* v. *Wiley, supra.* The record before us is in a condition fairly to show that error was committed in reference to the instructions herein considered upon the question of the contributory negligence of the appellant, and said instructions numbered one and seven would not be applicable to facts in respect to which evidence might have been given under the issues. Other instructions are complained of, and the sufficiency of the evidence to sustain the verdict is denied. We express no opinion upon other alleged errors.

The judgment is reversed, with instruction to sustain appellant's motion for a new trial.