## Eastern Carbon Black Company v. Stone.

(Decided April 19, 1929.)

COMBS & COMBS for appellant.

J. H. GRAHAM and B. A. RICE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The Eastern Carbon Black Company seeks by this appeal to reverse a judgment by which it was enjoined and thereby prevented from plugging certain gas wells.

On June 25, 1923, the appellee, Thomas F. Stone, gave an oil and gas lease upon a tract of 10½ acres of land, and on October 12, 1923, he gave a similar lease upon a tract of 114 acres. By mesne transfers, these leases have come into the possession and ownership of the appellant, Eastern Carbon Black Company. By the terms of these leases, among other things, Stone was to get, free of cost, gas to heat and light one dwelling house on the premises. One gas well has been developed on each of these tracts, but each produces only a small amount of gas. It seems that these wells are properly cased up and closed, and that by connections therewith Stone is now using gas from each of them to heat and light one dwelling house on each of these tracts of land, and gas from these wells is being used on one or two neighboring tracts; thus these wells are an advantage to Stone, though they have no commercial value. From the record it appears that the Eastern Carbon Black Company is willing to turn the wells over to Stone, and Stone seems to be willing to take them; but the Eastern Carbon

Black Company insists on plugging them, and seems to think that by section 3910 et seq., Kentucky Statutes, it is required to do so; but we do not so understand those statutes. What is meant by the statute is a permanent abandonment, or a permanent ceasing to operate, followed by pulling out the tubing, and usually, though not always, followed by drawing the casing. A similar statute in Ohio was given similar construction in the case of State v. Oak Harbor Gas Co., 53 Ohio St. 347, 41 N. E. 584.

As we understand this record, the Eastern Carbon Company does not propose to pull the casing, or, in fact, do anything unless it has to, in order to avoid the penalty imposed by the statutes cited. If it turns the wells over to Mr. Stone, it has not abandoned them in the sense that it must plug them up, but has rather surrendered them to Mr. Stone, and he, after they are so surrendered, becomes the operator of them. Of course, these wells are worth something to Stone, and he has rights under these leases that should be protected. While these wells do not yield gas enough to have commercial value, yet they do yield gas enough to enable Mr. Stone to heat and light his dwellings on these premises and he has the right to have them kept open for that purpose; but the Eastern Carbon Black Company does not, under its lease, have to keep them open for him. It may surrender them to him, and it seems to have done so. If he desires to use them, he has a right to use them, and the Eastern Carbon Black Company was properly enjoined from plugging these wells, so long as they are kept cased up and are of advantage to Mr. Stone. He may use them so long as he likes, but, when he abandons them, then he must plug them up.

Finding no error in the record, the judgment is affirmed.