### Auto Livery Company v. Stone.

(Decided March 3, 1931.)

EATON & BOYD for appellant.

T. C. BENNETT and S. D. HODGE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Howard J. Stone sustained a serious injury by falling or being thrown from a truck. He instituted an action against the Auto Livery Company to recover damages, alleging that he was its employee, engaged in the performance of his duties, and was hurt by the negligence of its servants engaged in the operation of the truck. The defense was a denial of any negligence and various affirmative pleas. There was a verdict for $1,000 in favor of the plaintiff, and the defendant has prosecuted an appeal.

It is insisted that a peremptory instruction should have been given in favor of the defendant upon the ground that no basis for imposing liability upon it was shown by any evidence. The main argument is that the driver of the truck that inflicted the injury was not an employee of the defendant, and that the plaintiff was not on duty at the time or engaged in the performance of any service for it. Another point urged is that no negligence was proven on the part of anybody.

The facts are in sharp dispute. Stone's testimony tended to prove that he was on duty and under the express orders of the foreman, and that the driver of the truck was negligent in its operation. It further showed that the foreman was present in direct charge of the operation of the truck and directed Stone to get on it to return to work, which had been suspended on account of rain. The truck was one of several engaged in the same work, and all of them were under the direction and control of the foreman. Although the driver of its truck was not an employee of appellant, he was performing a

service in the presence and under the direction of the foreman, with his knowledge and tacit consent, if not actually under express orders. 39 C. J. sec. 390, p. 269. On the other hand, the defendant's testimony tended to show that its truck was being used for the mere convenience of Stone and others, to convey them to their rooms, and was not performing any service for the company. It further conduced to show that there was no negligence attending the operation of the truck, but that plaintiff's fall therefrom was an accident traceable to no fault on the part of any one present.

The presence of the foreman in charge of the truck, and his orders to plaintiff, under the circumstances, made a prima facie case for the plaintiff in so far as being in the line of duty was concerned. Wood v. Indianapolis Abbatoir Co., 178 Ky. 191, 198 S. W. 732; 39 C. J. 397, p. 272. The testimony tended to show that he was employed to drive a truck and to perform such duties pertaining thereto as the foreman directed. 39 C. J. sec. 403, p. 278.

The fact that the driver of the truck was not a regular employee of the defendant is not decisive of the question of liability. A servant may not delegate his duties, or make his master liable for the acts of a substituted servant. But the foreman, the representative of the master, with authority to employ and discharge drivers, was in personal charge of the situation and in direct control of the operation of the truck. It was an instrumentality intrusted to the foreman to use in the prosecution of the master's business, and the driver, for the time being, and subject to the control of the foreman, was performing a service for the master in operating the truck as directed. Emison v. Wylam Ice Cream Co., 215 Ala. 504, 111 So. 216; W. H. Neill Co. v. Rumpf, 148 Ky. 810, 147 S. W. 910, L. R. A. 1917C, 1199; Lewis v. Louisville Ry. Co., 203 Ky. 657, 262 S. W. 1095; Cf. R. B. Tyler Co. v. Kirby, 219 Ky. 389, 293 S. W. 155, and Borderland Coal Co. v. Edwards, 178 Ky. 659, 199 S. W. 792.

The fact that the evidence for the defendant was calculated to establish a different state of facts made the case one for the jury, and did not call for a peremptory instruction.

It is true, as argued for appellant, that no negligence can be imputed to the master where no duty is due from

him, since negligence consists of the faliure to observe a duty owed to a person under the circumstances shown. Clark County Construction Co. v. Warford, 203 Ky. 283, 262 S. W. 266; Nelson Creek Coal Co. v. Bransford, 189 Ky. 743, 225 S. W. 1070.

But if the testimony for the plaintiff be true, a duty to exercise ordinary care for his safety was due although the work had ceased on account of the rain. The plaintiff was not released for the day, but directed to return for work when the rain was over. 39 C. J. 398, p. 274. He was subject to orders, and mounted the truck in obedience to the call of the foreman. The rain had ceased and it was not unreasonable for the plaintiff to understand that the request of the foreman constituted an order for the resumption of work. 39 C. J. sec. 409, p. 283. Defendant produced positive evidence that the foreman advised Stone that they were going to their rooms, but the conflict in the evidence necessitated a submission of the issue to the jury.

The evidence for the plaintiff tended to show that the injury was caused by the negligent operation of the truck. The defendant's witnesses testified to facts showing an absence of such negligence. The court could not usurp the function of the jury and decide the issue of fact, but properly left the matter to the jury with appropriate instructions for their guidance.

There was a motion for a judgment notwithstanding the verdict, but it was properly overruled. The motion is appropriate only when the pleadings do not warrant a judgment in accordance with the verdict of the jury. Civil Code of Practice, sec. 386; Crawford v. Crawford, 222 Ky. 708, 2 S. W. (2d) 401. No question of the sufficiency of the pleadings to support the judgment is suggested in this case.

Criticism is leveled at instruction No. 1, which was as follows:

"If you shall believe from all the evidence in this case that plaintiff was in the employment of the defendant at the time he was injured, and that while engaged in the performance of labor for the defendant, in line with his employment, he was caused by the negligence of defendant's agents or servants, if they were negligent, to fall from the truck mentioned in evidence and was thereby injured, as a

direct and proximate result thereof, then the law is for the plaintiff, and you shall so find, but, unless you so believe you will find for the defendant.''

The substance of the criticism addressed to the instruction, is that it was based upon an assumed state of facts, when the uncontradicted proof was that appellee, when hurt, was not engaged in the performance of labor for defendant, or engaged in the line of his employment. And the further fact is invoked that the driver of the truck was not an agent or servant of appellant for whose negligence it could be held liable. We have considered these points in connection with the discussion of the arguments for a peremptory instruction, and what has been said demonstrates the fallacy of the attack upon this instruction.

The jury found the issues in favor of Stone, and there was testimony sufficient to support the verdict. The finding of facts from conflicting evidence is the peculiar function of the jury, and this court is not authorized to grant a new trial except for errors affecting prejudicially the substantial rights of the appellant. Civil Code of Practice, sec. 756.

The judgment is affirmed.