## Wheeldon v. Regenhardt Const. Co.

Nov. 29, 1940.

W. B. Ardery, Judge.

604

Colvin P. Rouse for appellant.

J. Marshall McCann, R. W. Keenon and Ben L. Kessinger for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in part and reversing in part.

This action was filed by the appellant, R. G. Wheeldon, against the appellees, Regenhardt Construction Company, Gilbert Reiman and Peter Reiman, seeking damages for personal injuries and car damage as a result of a collision between appellant's car and a truck. At the conclusion of all the evidence a verdict was directed for the Construction Company. No evidence was

offered by the Reimans and on submission of that branch of the case to the jury a verdict was returned in behalf of plaintiff for approximately $2,800. The Reimans then filed a motion for judgment non obstante veredicto which was sustained and judgment for all appellees was thereupon entered and this appeal follows.

It was appellees' theory that the truck was driven by Gilbert Reiman while engaged on the business of the Construction Company which was constructing the concrete highway between Lexington and Versailles, while evidence offered by the Construction Company tended to establish that Gilbert Reiman was an employee of Peter Reiman who was an independent contractor by virtue of a written contract between him and the Company by which a portion of the highway construction was subcontracted.

The trial court in directing a verdict for the Construction Company apparently acted on the assumption that the evidence showed conclusively that the relation of independent contractor existed. We find it unnecessary to determine whether this conclusion was correct since, if it was not, the evidence utterly failed to establish any liability on the part of the Construction Company. There was no showing that the Company owned the truck or that it was employed on the business of the Company—in fact, it was not shown who was driving the truck or on what business the truck was engaged. While the plaintiff was testifying the following question was propounded to him:

"Now, Mr. Wheeldon, you charge in your petition * * * that your car was wrecked by a truck of the Regenhardt Construction Company driven by one Gilbert Reiman; will you please tell the jury just how this accident happened?"

Objection was duly made to this question, and obviously should have been sustained as it was in improper form. However, the objection was overruled and in answer to the question the appellant merely stated the details of the accident without identifying the truck or naming the driver thereof. Another witness for appellant, when asked if the defendant, Gilbert Reiman, made any statement to the witness immediately after the accident, replied "If he was the truck driver he did". The witness then stated that he did not know who the truck driver

was. This was the nearest approach made in the evidence to identifying the truck driver, and it is apparent that it wholly failed to do so. In short, appellant merely proved the facts and circumstances of the collision and failed to prove anything else. It was necessary that he prove that the truck was owned by the Construction Company or that at the time of the collision it was operated by an agent or servant of the Construction Company on the business of the Company, and this he utterly failed to do. The evidence therefore was such that a verdict should have been directed in behalf of the Construction Company.

It is insisted by the appellant, however, that the Construction Company by its answer admitted its operation of the truck at the time in controversy. The petition, after setting out the incorporation of the Construction Company, alleged that "the defendants, Regenhardt Construction Company, Gilbert Reiman and Peter Reiman, carelessly and negligently operated a certain truck which wrecked plaintiff's car". It was then alleged that by reason of the negligent operation of the truck by the defendants the appellant was injured and his car damaged. By the separate answer of the Construction Company it pleaded that it had "no knowledge or information pertaining to the automobile accident referred to in plaintiff's petition and therefore denies that at the time or upon the occasion referred to * * * that this defendant carelessly or negligently operated a certain, or any truck, which wrecked plaintiff's car". It is appellant's theory that the denial of the Construction Company was a mere denial of the *negligent* operation of the truck and amounted to an admission of the fact that it operated the truck, while merely denying negligence in the operation. This contention would be well founded if the Company had confined its denial to negligent operation. Cincinnati, etc., R. Co. v. Barker, etc., 94 Ky. 71, 21 S. W. 347, 14 Ky. Law Rep. 750; Johnson v. Taylor, 247 Ky. 472, 57 S. W. (2d) 540. However, the Company not only denied negligent operation of the truck, but alleged that it had no knowledge or information pertaining to the accident. We regard this as a sufficient denial of *any* operation of the truck. The answer might be said to be deficient from the standpoint of good pleading, but it is apparent from a reading thereof as a whole that an absolute de-

nial of operation of the truck was intended and it should be given that effect.

Since the pleadings did not admit operation of the truck by the Construction Company and since the evidence utterly failed to establish such operation by it, the trial court correctly directed a verdict for the Construction Company.

As to the appellees, Gilbert Reiman and Peter Reiman, however, a different situation exists. As a verdict was returned in behalf of plaintiff against these appellees, the trial court was warranted in sustaining a motion for judgment notwithstanding the verdict only if the pleadings were insufficient to sustain the judgment. It is well settled under our practice that a judgment non obstante veredicto must be granted upon the record and the evidence cannot be looked to in determining a motion for such judgment. Beavers et al. v. Bowen, 70 S. W. 195, 24 Ky. Law Rep. 882; Stevenson v. Moore, Ky., 118 S. W. 951; Auto Livery Company v. Stone, 237 Ky. 686, 36 S. W. (2d) 349, 350. In the latter case it was said:

"There was a motion for a judgment notwithstanding the verdict, but it was properly overruled. The motion is appropriate only when the pleadings do not warrant a judgment in accordance with the verdict of the jury."

In the case before us the pleadings warranted a judgment for the plaintiff. The petition alleged negligent operation of the truck by Gilbert Reiman and Peter Reiman resulting in injury to the plaintiff—it stated a cause of action. The separate answer of the Reimans denied negligent operation of the truck and contained no denial of knowledge or information pertaining to the accident such as was contained in the answer of the Construction Company and was therefore in effect an admission of operation by them. The answer also contained a plea of contributory negligence which was denied by reply. The pleadings were therefore sufficient to support a judgment in favor of appellant against the Reimans and, this being true, the motion for judgment notwithstanding the verdict was improperly sustained. As the pleadings were sufficient to support a judgment in behalf of appellant, the trial court was not warranted in determining on such a motion whether or

not the evidence was sufficient to sustain the verdict. This could have been done on a motion for a new trial but not on motion for judgment non obstante veredicto. The trial court was in error in sustaining the motion and entering judgment in behalf of the Reimans.

The judgment is affirmed as to Regenhardt Construction Company and · reversed as to the appellees, Gilbert Reiman and Peter Reiman, with directions to grant the appellant a new trial as to these appellees and for further proceedings consistent with this opinion.