## Stone v. Smith.

May 9, 1941.

O. B. Bertram for appellant.

H. S. Robinson and Fred Faulkner for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On October 18, 1927, the appellant executed to his uncle, Guy D. Smith, a promissory note for $154 bearing interest at the rate of 6 per cent per annum from date, payable twelve months thereafter. On November 4, 1936, this action was instituted by the uncle's administrator to recover of the appellant the amount of the obligation referred to. The defense interposed was an answer, set-off, and counterclaim based upon an alleged verbal agreement of the uncle to pay appellant $80 per year for gas supplied from a well on appellant's farm during the period between the date of the note and the summer of 1934, when the well was exhausted. Thus calculated, the amount due appellant, after the extinguishment of the note, was $351.28, for which he sought judgment against the administrator. The jury to which the issues were submitted disallowed the set-off and counterclaim and returned a verdict in favor of the administrator for the principal amount of the note with interest. An appeal was prosecuted to this court which reversed the judgment in favor of the administrator because of the admission of incompetent evidence and the

lack of competent proof to overcome the testimony introduced by appellant indicating that his uncle had agreed to reimburse him for the gas consumed. Stone v. Smith, 279 Ky. 213, 130 S. W. (2d) 18.

On return of the case to the Circuit Court, the administrator amended his reply to the set-off and counterclaim so as to supply the deficiencies noted in our former opinion and to properly join the issue as to the existence of the verbal agreement on which his adversary's pleading was founded. In his amended and uncontroverted reply, the administrator, among other defenses to the counterclaim and set-off, affirmatively pleaded that the appellant had agreed to furnish his uncle with free gas from his well in order to induce his uncle to refrain from drilling a well on his own land which would have drawn gas from and greatly injured appellant's well.

The testimony ruled incompetent on the appeal was omitted at the ensuing trial and additional testimony introduced indicating that the understanding between the uncle and the nephew was that no charge was to be made for the gas consumed on the former's premises. Since appellant's counsel have not seen fit to do so, we will not attempt to discuss in detail the testimony introduced at the second trial. It is sufficient to point out that the evidence for both parties, of necessity, consisted largely of the statements of witnesses as to conversations between the uncle and nephew relative to the matters at issue; and we are unable to say that it was insufficient to support the jury's verdict disallowing the appellant's set-off and counterclaim and awarding the administrator the face value of the note and interest.

This appeal is from the judgment rendered on that verdict, and it is suggested by counsel for the appellant that the judgment should be reversed because it is not sustained by the evidence. As before stated, appellant's counsel have not undertaken to discuss the evidence, but have invited us to examine it in order that we may be convinced that the court should have peremptorily instructed the jury in their client's favor, and, in any event, should have sustained their motion for a judgment in his behalf, notwithstanding the verdict. We have examined the instructions and found them proper. We have likewise examined the testimony, and, in the

absence of any indicated specific deficiency, found it sufficient to sustain the verdict rendered. McCorkle et al. v. Chapman et al., 181 Ky. 607, 205 S. W. 682. This finding disposes of appellant's motion for a judgment non obstante veredicto, since such a motion can only be predicated upon the insufficiency of the pleadings to support the verdict. Wheeldon v. Regenhardt Construction Co., 284 Ky. 603, 145 S. W. (2d) 527. The only manifest defect in the pleadings is the failure of appellant to controvert the affirmative allegations of appellee's amended reply.

Judgment affirmed.