## Hammons et al. v. Pure Oil Co. et al.

February 22, 1949.

C. R. Luker for appellants.

Wm. A. Hamm for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellants instituted this action to enjoin the Pure Oil Company from removing the casing and other equipment from an oil well on their property. They were granted a temporary restraining order without the execution of bond. Upon final hearing the court dissolved the temporary restraining order and held that under the lease the Oil Company was entitled to remove

the casing and equipment from the well valued at approximately $15,000.00. An appeal was granted the appellants upon condition that they execute a $5000.00 bond, which was never executed. The principal argument made on the appeal is that the removal of the casing from the well will destroy the right to use gas from it.

The lease was a 10 year one containing the usual provisions in oil and gas leases. It gave the appellants the right to use gas from gas wells at their own risk. The well was drilled to a depth of some 4000 feet. It never produced oil in commercial quantities, even though it was treated with acid. An effort to shoot the well with nitroglycerin was unsuccessful and it was then that the decision was made by the Company to abandon and plug the well. The well produced a small amount of gas and the appellants tapped the gas line and piped gas to their home. If the casing is removed from the well and it is plugged they no longer will be able to use gas from it.

The Company notified the appellants and the Department of Mines and Minerals of its intention to abandon the well and pull the casing. The well was not drilled through coal strata, so it was not necessary for the Company to follow the procedure directed in KRS 353.110. It was necessary, however, that the abandoned well be plugged as directed under KRS 353.180. Under the circumstances, we think the trial court properly held that notice to the Department of Mines and Minerals was not necessary.

The lease gave the Company the right at any time during the life of the lease, or thereafter, to remove all equipment placed on the land and also the right to remove the casing.

The appellants rely upon the case of Eastern Carbon Black Co. v. Stone, 229 Ky. 68, 16 S.W.2d 492. In that case a non-commercial gas well was surrendered by the lessee to the lessor, who used it to light and heat his dwelling. Under those circumstances it was held that the lessee was not required to plug the well. The Stone case is not controlling here because the lessee has chosen to abandon the well and remove the casing and equipment

rather than turn it over to the appellants. This it had the right to do under the lease.

For the reasons given we think the judgment should be and it is affirmed.